UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:18-cv-80671

JIMMY BRISEUS,

      Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

_____/

## NOTICE OF REMOVAL BY DEFENDANT JPMORGAN CHASE BANK, N.A.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase") removes this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") to the United States District Court for the Southern District of Florida.  In support, Chase states as follows:

### Procedural Posture

1.      On April 20, 2018, Pro se plaintiff Jimmy Briseus filed a Complaint (the "Complaint") in the State Court.  The Complaint alleges a claim for discrimination. *See* Complaint, attached as Exhibit 1.

2.      Chase was served with the Complaint on April 24, 2018.

### The Factual Allegations

3.      It is unclear what Plaintiff is complaining about in this case.  But as best Chase can tell, Plaintiff alleges that he worked for three years as a security guard "at a financial center" that apparently contained a JPMorgan Chase branch.  He further alleges that something that

Herron Ortiz
255 Alhambra Circle  Suite 1060  Coral Gables,  Florida  33134 (305) 779-8100

Chase did in connection with his account at Chase caused him to lose his job. Plaintiff claims this is a "discriminatory" matter.

4. Plaintiff alleges four million dollars in damages "for pain and suffering, los[s] of my job, and more." *Id.*

## Basis for Removal

5. Chase's basis for removal arises from diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

6. Section 1441(a) of Title 28 of the U.S. Code authorizes the removal of actions from state court to federal court, provided that the federal district court to which the action is removed has original jurisdiction. *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00 and where no plaintiff and no defendant are citizens of the same state. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998); 28 U.S.C. § 1332(a). As set forth below, those requirements are met here.

## The Amount in Controversy

8. The amount in controversy has been met. Plaintiff has alleged damages for four million dollars. Complaint at ¶ 1.

## Diversity of Citizenship

9. The parties are completely diverse for purposes of removal.

10. Plaintiff is a citizen of Florida. Plaintiff's Complaint lists an address in Palm Beach County Florida and alleges that Plaintiff has worked in the same location for three years. *See* Complaint at ¶ 1. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341

(11th Cir. 2011) (explaining domicile as residence where party intends to remain); <u>Harris v. Huffco Petroleum Corp.</u>, 633 F. Supp. 250, 253 n.7 (S.D. Ala. 1986) (noting that domicile and citizenship are synonymous).

11.     Chase is a national banking association organized under the laws of the United States of America with its main office located in Ohio.  *See May v. JPMorgan Chase Bank, N.A.*, Case No. 4:13cv201, 2013 WL 4013119, at *1 (E.D. Tex. Aug. 5, 2013) ("Chase is a national banking association pursuant to federal law.  Under its articles of association, Chase's main office is located in Ohio.  Chase is a citizen of Ohio for diversity purposes.") (citing 28 U.S.C. § 1348); *see also Haynes v. JPMorgan Chase Bank, N.A.*, No. 11-13858, 2011 WL 4595271, at *1 (E.D. Mich. Oct. 3, 2011) ("For the purposes of establishing diversity, Defendant JPMorgan Chase Bank is considered a citizen of Ohio.").  For diversity purposes, Chase is a citizen of Ohio.

12.     Since Plaintiff is a citizen of Florida and Chase is a citizen of Ohio, the parties are diverse, and this Court has jurisdiction.  *See* 28 U.S.C. § 1332(a)(2).

## 28 U.S.C. § 1446 Requirements

17.     In compliance with 28 U.S.C. § 1446(d), Chase is contemporaneously serving Plaintiff's counsel with a copy of this notice of removal and Chase is filing a copy of this notice of removal with the State Court.

18.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders from the State Court action will be filed contemporaneously.

## Reservation of Rights

19.     Chase reserves all rights, including claims, defenses and objections.  Chase also reserve the right to amend or supplement this Notice of Removal.

Herron Ortiz
255 Alhambra Circle Suite 1060 Coral Gables, Florida 33134 (305) 779-8100

Date: May 22, 2018.

Respectfully submitted:

Herron Ortiz
Attorneys for JPMorgan Chase Bank, N.A.
255 Alhambra Circle, Suite 1060
Coral Gables, Florida 33134
Tel: (305) 779-8100
Fax: (305) 779-8104

By:    /s/ Michael A. Ortiz
      José A. Ortiz
      jortiz@herronortiz.com
      Fla. Bar No. 182321
      Michael A. Ortiz, Esq.
      Florida Bar No. 70178
      mortiz@herronortiz.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 22, 2018**, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Michael A. Ortiz
      Michael A Ortiz

## SERVICE LIST

**Briseus v. JPMorgan Chase Bank, N.A.**
**CASE NO. 9:18-cv-80671**
**United States District Court, Southern District of Florida**

Via U.S. Mail and e-mail to:

Jimmy Briseus
171 Miner Road
Boynton Beach, FL 33435
zodiacbino@yahoo.com
*Plaintiff pro se*

Herron Ortiz
255 Alhambra Circle  Suite 1060  Coral Gables,  Florida  33134 (305) 779-8100