# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-cv-80671-BLOOM/Reinhart

JIMMY BRISEUS,

    Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant JPMorgan Chase Bank, N.A's ("Defendant") Motion to Dismiss Amended Complaint or, in the alternative, Motion for More Definite Statement, ECF No. [20] ("Motion"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.    BACKGROUND

Plaintiff, a *pro se* litigant, originally filed this action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, attempting to assert a claim for discrimination. *See* ECF No. [1-1] at 10. Defendant then removed the lawsuit to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and sought dismissal of the Complaint for failure to state a claim. *See* ECF Nos. [1] and [5]. In response, Plaintiff sought leave to file an Amended Complaint, which this Court granted. *See* ECF Nos. [8] and [9].

In his Amended Complaint, Plaintiff purports to state claims for slander and discrimination and alleges that his "name has been slandered and [his] rights have been violated because [he] was strictly prohibited from entering or remaining on the premises of any retail

branch facility of JP Morgan Chase Bank, N.A." ECF No. [14] at 1-2. According to Plaintiff, "[t]hese false accusations have prohibited [him] from entering and working as a security guard at any financial center that has JP Morgan Chase in it." *Id.* Plaintiff further alleges that he filed a complaint with the Consumer Financial Protection Bureau in which he expressed his concern about his inability to bank with Chase to which Chase responded as follows: "Please note: Based on your account activity and its subsequent closure, we may elect to report relevant information to credit reporting agencies. This could affect your ability to open accounts in the future." *Id.* at 1-2. Plaintiff claims that Defendant's threat to report inaccurate information to credit reporting agencies will affect his ability to open bank accounts and build his credit in the future. *Id.* at 2. The Amended Complaint characterizes this conduct as discriminatory and unjust, alleging that Plaintiff is a "young black man" and that these actions violated his rights under the United States Constitution. *Id.* Through the Amended Complaint, Plaintiff seeks $2 million in damages for slander and another $2 million in damages for discrimination. *Id.*

In response to the Amended Complaint, Defendant once again sought dismissal. *See* ECF No. [20]. Plaintiff did not file a timely Response so the Court entered an Order to Show Cause, requiring that he respond to the Motion in writing no later than July 24, 2018. *See* ECF No. [25]. Plaintiff has since filed a Response opposing Defendant's Motion. *See* ECF No. [27].

## II. LEGAL STANDARD

### a. Motion to Dismiss

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### b. Motion for a More Definite Statement

Under Rule 12(e) of the Federal Rules of Civil Procedure, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Since courts have liberally construed the pleading standard under Rule 8(a), "a short and plain statement" will be enough, unless upon motion it is shown that the pleading "is so ambiguous that a party cannot reasonably" respond. *Betancourt v. Marine Cargo Mgm't, Inc.*, 930 F. Supp. 606, 608 (S.D. Fla. 1996). "Most courts disfavor the use of Rule 12(e)," and "motions for a more definite statement should not be used as a means of discovery." *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D 629, 630 (M.D. Fla. 2005).

### c. *Pro Se* Litigants

Courts must liberally construe all pleadings submitted by a pro se litigant. *See Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Id.* (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998)). That is, "[t]he Court cannot simply 'fill in the blanks' to infer a claim." *Grady v. Georgia Dep't of Correction*, No. CV409-103, 2010 WL 322881, at *2 (S.D. Ga. Jan. 27, 2010). In determining whether a pro se litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations" while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

### III. DISCUSSION

In the Motion, Defendant seeks to dismiss the Amended Complaint for failure to state a claim for slander and discrimination. *See* ECF No. [20]. Alternatively, Defendant requests that

Plaintiff be ordered to provide a more definite statement as the Amended Complaint is in narrative format and lacks numbered paragraphs, making it difficult to frame a response and to otherwise have adequate notice of the claims. *Id.* Plaintiff's Response does not address the substance of the arguments or otherwise attempt to address how the Amended Complaint states a claim for either slander or discrimination. *See* ECF No. [27]. Rather, Plaintiff simply asks the Court not to dismiss the claims while discussing unpled facts about his damages and attaching Uber receipts as evidence of his damages. *Id.* Nevertheless, the Court will analyze the Amended Complaint to determine whether it states a claim for slander and discrimination.

### a. Slander

Defamation, which includes libel and slander, "may generally be defined as the unprivileged publication of false statements which naturally and proximately result in injury to another." *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983) (quoting *Wolfson v. Kirk,* 273 So. 2d 774, 776 (Fla. 4th DCA 1973)). "A false statement of fact is the *sine qua non* for recovery in a defamation action." *Id.* To state a claim for defamation, a plaintiff must plead the following elements: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008) (citing Restatement (Second) of Torts §§ 558B, 580A–580B). A claim for slander is confined to defamatory spoken words, whereas a claim for libel refers to defamatory written statements. *See Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378, n. 11 (S.D. Fla. 2006) (citing *Dunn v. Air Line Pilots Ass'n,* 193 F.3d 1185, 1191 (11th Cir.1999)). A plaintiff's use of the word "defamation" or "slander" without any accompanying allegations of a false statement to a third

party is insufficient to state a claim. *See Amerisure Ins. Co. v. Gold Coast Marine Distrib., Inc.*, 771 So. 2d 579, 582 (Fla. 4th DCA 2000) (citing *Byrd,* 433 So. 2d at 595).

In the Amended Complaint, Plaintiff states that he "feels that [his] name has been slandered because [he is] no longer permitted to enter or remain[] on the premises of any retail branch facility of JP Morgan Chase Bank." *See* ECF No. [14] at 1. Plaintiff, however, fails to identify a single oral statement made by Defendant, much less a single false statement made to a third party. In fact, the Amended Complaint fails to allege any facts supporting any of the elements of a claim for slander, requiring its dismissal. Given that this is the Court's first opportunity to rule upon the sufficiency of Plaintiff's pleading, the Court will allow Plaintiff one opportunity to amend to state a claim for slander. Plaintiff is cautioned that, to state such a claim, his amended pleading must contains facts – not conclusions – establishing all of the elements of slander.

### b. Discrimination

Plaintiff also attempts to state a claim for discrimination. As Defendant correctly points out, Plaintiff does not specify the statutory basis for his discrimination claim, much less whether Plaintiff pursues claims for discrimination sounding in state or federal law. Without the statutory basis, the Court cannot determine whether the Amended Complaint states a claim as a matter of law. To the extent Plaintiff attempts to state a claim for discrimination under the common law, Florida does not recognize such claims as they are a creature of statute. *See, e.g. McElrath v. Burley*, 707 So. 2d 836, 839 (Fla. 1st DCA 1998) (stating that claims for employment discrimination did not exist under Florida common law and instead were legislatively created statutory rights); *Ponton v. Scarfone*, 468 So. 2d 1009, 1011 (Fla. 2d DCA 1985) (rejecting argument that a public policy could be extracted from Chapter 760 of the Florida Statutes and

Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e, *et seq.* that could serve as a basis for a common law cause of action for discrimination).

Further, Plaintiff does not identify the basis of the alleged discrimination, such as his race, age, sex, etc. Although the Amended Complaint states that Plaintiff is a "young black man," this allegation, standing alone, is insufficient to state a claim for discrimination. Plaintiff's Amended Complaint is, therefore, due to be dismissed. As the Court is giving Plaintiff leave to file an amended pleading, he is reminded that his pleading must contain factual allegations that would support a *cognizable* claim for discrimination under state or federal law.[1]

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant JPMorgan Chase Bank, N.A's Motion to Dismiss Amended Complaint or, in the alternative, Motion for More Definite Statement, **ECF No. [20]**, is **GRANTED**.

2. The Amended Complaint, **ECF No. [14]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file his Second Amended Complaint no later than **August 8, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of July, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

---

[1] Because the Court has granted the Motion to Dismiss, it need not reach the alternative request for a more definite statement.